PEOPLE EX REL. LYMAN AUSTIN ET AL. V. ORRIN S. CURTIS, REGISTER OF DEEDS OF KALKASKA COUNTY.

41  723
s49ᴺᵂ 923
133  590

*Mandamus to compel register to record deed held in escrow.*

Mandamus does not lie at the suit of a grantee to compel a register of deeds to record a deed delivered to him *in escrow* and withheld by the grantor's order.

A grantee should establish his right to a deed held *in escrow* by a bill in equity or other proper proceeding against the grantor.

Relief cannot be given as against the interests of any person not made a party to the proceeding and duly notified.

MANDAMUS to compel respondent to record a deed left with him *in escrow*. Submitted and denied October 21.

*Taggart & Wolcott* for the motion.

*Fallas & McIntyre* against.

A conveyance executed by a married woman was left with respondent who was register of deeds, but who did not receive it in that capacity, *in escrow*, upon an alleged understanding that upon the performance of certain conditions the conveyance should become completely operative and he should record it. The grantor before it had been recorded, notified Curtis not to record it, and he accordingly withheld it from record and made no further delivery of it. A mandamus is now asked to compel him to put it on record.

PER CURIAM. The return shows, and the case made by relator is to the same effect, that the respondent did not receive the paper officially, but as a private person to hold it *in escrow*. Delivery and record having been forbidden by the grantor, respondent cannot be compelled to decide upon the rights of grantor and grantee, and any controversy between them must be settled in a proper suit in which he would have no personal concern. He

never had possession of the document in his official capacity, and has no official duty to perform concerning it. The grantor had no notice of this motion, and no relief could under any circumstances be granted against her interests in a proceeding to which she is not a party. But inasmuch as the real dispute is concerning the grantee's right to the conveyance, a mandamus would not be a suitable form of remedy to determine such a controversy between private parties. The relator must resort to a bill in equity, or such other remedy as may be thought proper, in the usual course of proceeding.

The mandamus must be denied with costs.