## J. W. BRIGHAM ET AL. v. JOHN W. BROWN, LESTER J. RINDGE ET AL.

*Mortgage—Consideration—Good faith—Record.*

A man may give a voluntary mortgage if he chooses, and it will be good except as to those who are or might be defrauded by it. But the fact that a mortgage is given without consideration may have an important bearing on any disputed question concerning its delivery or recording.

A debtor gave a mortgage for the debt, the *bona fides* of which was not disputed, and it was at once placed on record. Subsequently it was found that another party had a mortgage from the same mortgagor on the same land, purporting to be given and recorded first. This

mortgage had no debt to support it, unless it was one owing to a firm of which the mortgagee was a member, and for which other mortgages for more than its amount, were in existence. The register of deeds testified that it was left with him by the mortgagor, with directions not to place it upon record until further directions were given, and that he never received any such directions, but his clerk recorded it without orders. *Held,* that the spreading it upon the record book, under such circumstances, was not a recording which entitled it to priority.

When a paper is left with the register with the understanding that it is not to go upon record until further directions, the register, when he receives such directions, must record it as of that time, and not as of the time when it was left with him.

Where a mortgage is given, manifestly as a cover for the benefit of the mortgagor, and the latter is sent with it to the registry, where he gives directions for leaving it off the record, the mortgagee will be bound by these directions, and will not be at liberty to rely, as against them, upon a false certificate of recording which he obtains.

Appeal from Newaygo. Submitted June 9. Decided June 16.

FORECLOSURE.   Complainant appeals.   Decree modified.

*E. L. Gray* for complainants. Parol evidence is admissible under a bill to set aside a discharge of a mortgage, to show that it was entered by mistake: *Bruce v. Bonney* 12 Gray 107; *Davis v. Stern* 15 La. Ann. 177; *Watson v. James* id. 388; *McKelway v. Armour* 2 Stockt. 510; *Tatum v. Goforth* 9 Ia. 247; *Hunt v. Rousmanier* 8 Wheat. 174; *Brainerd v. Brainerd* 15 Conn. 575; *Geddy v. Stainback* 1 Dev. & Bat. Ch. 66.

*Blair, Kingsley & Kleinhans* for defendant Rindge. The conclusiveness of official certificates of the record of papers is generally sustained: *Tracy v. Jenks* 15 Pick. 465; *Ames v. Phelps* 18 Pick. 314; *Fuller v. Cunningham* 105 Mass. 442; *Adams v. Pratt* 109 Mass. 59. The register is bound to perfect the record, regardless of the orders of the parties to a mortgage, after it has been received for record: *McDonald v. Leach* Kirby 72; *Hartmeyer v. Gates* 1 Root 61; *Woods' and Brown's Appeal* 82 Penn. St. 116; *Judd v. Woodruff* 2 Root 298.

Cooley, J. The bill in this case was filed to foreclose a mortgage given February 15, 1878, by defendant Brown to complainants, and recorded on the day of its date. No question is made of the *bona fides* of this mortgage, and the case turns upon a question of priority between the mortgage of complainants and one given by Brown to defendant Rindge, of the same land, for $1500. The Rindge mortgage bears date December 11, 1877, and purports to have been recorded January 1, 1878. It was shown by complainants, however, that at the time of the taking of their mortgage they applied to the register of deeds for an examination of the title to the land, and he reported to them it was unencumbered. On the other hand, Rindge testified that Brown made the mortgage and brought it to him fully executed in December, and that he took it, but then handed it back to Brown with instructions to put it on record ; that on January 19, 1878, he called at the register's office for it, and was told it was not yet recorded ; that he called again in March following, when he found that the register had erased an entry he had made of its receipt for record, but the mortgage was actually recorded, and he, Rindge, insisted upon having it, with the usual certificate of record, and succeeded in so obtaining it. There can be no question that the register marked the mortgage as received for record January 1, 1878, and made an entry to that effect on a book kept for the purpose, which was seen by two witnesses before complainants' mortgage was recorded ; but the register testified that Brown handed him the mortgage with express directions to hold and not record it unless subsequently told to do so, and that he never received any subsequent instructions. He also testified that it was not in fact recorded at the time complainants' mortgage was put upon record, and that the recording was done by his deputy, without his direction or knowledge. He further testified that the fees for recording were not paid to him. Brown, for some reason, was not called as a witness, and the register's testimony was in the main undisputed.

Complainants in their bill allege that the mortgage from Brown to Rindge was given without consideration, and as a

fraudulent cover to his property. We are of opinion that this was the fact. Rindge admits that there was no debt from Brown to himself, but he claims that the mortgage was given as collateral security to a debt owing by Brown to a copartnership of which Rindge was a member. No such purpose appeared in the paper, and it was necessary to show the fact by parol evidence. The same evidence further showed that the copartnership held securities independent of this largely in excess of their demands, and from the fact that this mortgage was voluntarily made by Brown and brought to Rindge without having been asked for, goes far to establish the allegation complainants make respecting its fraudulent purpose. Nevertheless a man may give a voluntary mortgage if he chooses, and it is fraudulent only as to those who are or would be defrauded by it. *Gale v. Gould* 40 Mich. 515. And no one would be defrauded, in contemplation of law, who was merely a subsequent mortgagee with notice, actual or constructive, of the voluntary instrument.

In the present case, however, we are convinced that the Rindge mortgage was neither in fact nor in contemplation of law, on record when the mortgage to complainants was recorded. The register's evidence respecting the delivery of the mortgage to him by Brown stands uncontradicted, and we have no reason to doubt its truth. The fact that the mortgage was one by which Brown was the party to be benefited rather than Rindge, precludes Rindge from relying upon the register's certificate of record as against the actual fact, and makes his interest, such as it is, chargeable to the fullest extent for Brown's directions to the register. It is very clear that merely leaving the mortgage in the register's hands was not, under the circumstances, leaving it for record (*Austin v. Curtis* 41 Mich. 723); and there was consequently no constructive recording. As the actual copying of the paper into the record book did not take place until complainant's mortgage was recorded, we need not concern ourselves with the question whether that copying it into the book without direction to that effect was or was not a recording. It is sufficient for the purposes of this case that the register had

no right to record the paper as of the time when it was first left, even had he been willing to do so.

The court of chancery erred in allowing precedence to the Rindge mortgage. The decree in that particular must be modified, and in other respects affirmed. The complainants are entitled to the costs of both courts.

The other Justices concurred.