YOCUM VS CARY.

Opinion delivered January 14, 1898.

1. *Promissory Note—Burden of Proof—Right to Open and Close.*

Defendant in his answer admitted the execution of a promissory note, but set up as defense, want of consideration. *Held,* Th burden of proof was on the defendant and the court properl gave to him the opening and closing arguments.

2. *Written Instruments—Parol Testimony to Contradict—Error.*

Upon the dissolution of the partnership between the firm Cary and Moore, there was a complete settlement of the part nership affairs by which Cary paid Moore certain sums of mone and executed certain promissory notes for the latter's interes in the partnership business. After maturity of one of th notes, Moore assigned same to plaintiff, and plaintiff sued d

fendant for the amount due on the note. Defendant answered setting up that the consideration of the note was a one half interest of the profits of the firm, that these profits consisted exclusively of notes and out-standing accounts. That these notes and accounts without fault of defendant, had become worthless and that therefore the consideration of the note sued upon had failed. The testimony showed that a contract of dissolution was a so called bill of sale, which was in defendants possession at his home a short distance from the place of trial. The court allowed testimony over objections of the plaintiff as to the contents of the bill of sale. The defendant was also allowed to testify to a verbal contract at variance wilh the written contract contained in the bill of sale. There is no ambiguity in the written contract. *Held*, No fraud, accident or mistake being alleged or proven, the court erred in admitting the testimony of the defendant over the plaintiff's objection to change and vary the terms of the written agreement.

*Verdict—Duty of Court to Direct.*

All the legal proof having been for the plaintiff and none for the defendant, the court of its own motion should have directed a verdict for the plaintiff.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Suit upon a promissory note by J. D. Yocum against H. Cary. Judgment for defendant. Plaintiff appeals. Reversed.

The opinion states the facts.

*Moseley & Smith, M. D. Herbert* and *Furman, Herbert, Hill,* for appellant.

The court should have sustained plaintiff's demurrer to defendant's answer. The answer set up facts at variance

with the written contract between the parties. A plea of this kind cannot be sustained. Wilson vs Wilson, 38 Pac. 185; Bank vs Scott, 26 Pac. 276; Barnes vs Scott, 117 U. S. 582. The court erred in permitting the defendant to testify to a contemporaneous verbal contract between himself and Andrew Moore for the purpose of varying and changing the effect and meaning of same. Hubbard vs Marshall, 50 Wis. 322; Hie vs Heller, 53 Wis. 415; Stoddard vs Nelson, 21 Pac. 456; Beach Modern Law Contracts, § § 27, 28, 784; Daniel on Negotiable Instruments, § 80 et seq.; 1 Story on Bills and Notes, 580; Wilson vs Wilson, 38 Pac. 185; Burns vs Scott, 117 U. S. 582; Jones on Evidence, § 437 et seq.; Underwood vs Simonds, 12 Met. 275; Hunt vs Adams, 7 Mass. 518; Curtice vs Wakefield, 15 Pac. 437; Looney vs Rankin, 16 Pac. 660; 1 Greenleaf Evidence, § § 275, 276; Parker vs Morrill, 3 S. E. (N. C.) 511; Bass vs Bank, 101 U. S. 93; Smith vs Kemp, 92 Mich. 375; Naumberg vs Young, 43 A. R. 380; Dutton vs Garrish, 9 Cushing 89; Jungerman vs Boon, 19 Cal. 354; Jordan vs Fenno, 13 Ark. 593; Turner vs Baker, 30 Ark. 186; Quartermous vs Kennedy, 29 Ark. 544; Pickett vs Ferguson, 45 Ark. 177; Trawbridge, et al, vs Sanger, 4 Ark. 179; Richardson vs Comstock, 21 Ark. 69; Whitewell vs Winslow, 113 Mass. 343; Lowher vs Connit, 36 Wis. 176.

*A. C. Cruce* and *Stuart Gordon & Hailey*, for appellee.

No brief is on file for appellee.

CLAYTON, J. This is an action to recover a balance of about $2,000 due on a promissory note made by Cary, the appellee, to one Andrew Moore, dated June 6, 1893, and payable November 1, 1894, for $2,500. There was an indorsement of a payment on the note as follows: "June 10, 1893. By credit as per amt. due from statement of per cent. rendered, five hundred and forty-three and 10–100 ($543.10.) [Signed] Andrew Moore." The note, after maturity, and for

a valuable consideration, was assigned to Yocum, the appellant. Simultaneously with the delivery of the aforesaid note to Moore, the following contract of dissolution of partnership was executed (the contract, however, was not mentioned in the pleadings:) "The State of Texas, County of Grayson. Know all men by these presents, that I, Andrew Moore, of the county and state aforesaid, a member of the firm of Cary & Moore, doing a general merchandise business in the town of Chickasha, in the Indian Territory, have this day, for and in consideration of the sum of $8,000, to me paid, and to be paid, by J. H. Cary, of Chickasha, in the Indian Territory, as follows: $4,500 cash; one note for $500, due November the 1st, 1893; one note for $500, due November the 15th, 1893; and one note for $2,500, due November the 1st, 1894; each of said notes to bear interest from date at the rate of ten per cent. per annum, to be executed and signed by the said J. H. Cary, and payable to the order of Andrew Moore, at Denison, Texas,—bargained, sold, and conveyed, and delivered, and by these presents do bargain, sell, convey, and deliver, to the said J. H. Cary, all my right, title, and interest in and to the stock of merchandise belonging to Cary & Moore, situated at Chickasha, in the Indian Territory, and all claims, notes, and accounts due and to become due the said firm of Cary & Moore; the said Cary being authorized to collect any and all claims due the said firm, and the said Cary to assume all indebtedness due by said firm to any and all persons whomsoever; the said firm and partnership heretofore existing between the said Cary & Moore having been by this transaction dissolved, the said Andrew Moore retiring from said firm. Witness my hand this, the 6th day of June, 1893. Andrew Moore. Witness: A. Y. Barnes." The cash payment of $4,500 and the two $500 notes mentioned in the agreement had, from time to time, been paid; and, as above stated, a payment of $543.10 had been made on the last-mentioned note, of $2,500, leaving due

and unpaid the sum of $1,956.90 and interest.   To recover
this balance due on the note, the appellant, brought his
action at law in the court below.   To this action the appellee,
by an amended answer, after admitting the execution of the
note, set up the following defense:   "The defendant further
says that there was no consideration for the execution of said
note, and alleges the fact to be that for several months prior
to the execution of said note the said Andrew Moore and this
defendant were partners in business under the firm name of
Cary & Moore; said Moore having put into said business
about the sum of four thousand dollars.   That a short time
prior to the execution of said note the firm of Cary & Moore
had become indebted to various wholesale houses in the sum
of about thirty thousand dollars.   The assets of said firm
consisted of a stock of goods worth from six to eight thou-
sand dollars, and various notes and accounts upon their
numerous customers, aggregating about the sum of thirty-
six thousand dollars.   The creditors of said firm were press-
ing for the collection of their debts, and in this state of
affairs the said Moore informed this defendant that there
must be some settlement of said partnership business, so that
he (Moore) could retire from said firm, be relieved of its
obligations, and withdraw from its assets payment for the
money he had put into said business.   Thereupon the said
Moore and the defendant made of said partnership business
as accurate an estimate of its debts and liabilities and assets
as was possible at that time to make, and this defendant
thereupon assumed said thirty thousand dollars indebted-
ness, and the said Moore transferred to defendant his interest
in said business for the following purposes:   The said Cary
was to collect the notes and accounts due the said firm, take
charge of their merchandise, pay their indebtedness, and
pay to the said Moore his part (which was one-half interest)
of whatever it should be determined that said firm had
earned as profits while engaged in business.   An estimate

was made by the said Moore and defendant of the assets of said firm, and it was believed by them at the time that, after payment of the obligations of said firm, there would be a profit remaining of about five thousand dollars, which should be the joint property of the said Moore and this defendant. Said note was executed to cover said supposed profits, which could not then be accurately ascertained. There was no other consideration for its execution, and it was executed upon the express condition that it should only cover what should ultimately be determined to be one-half the profits of said firm. Said eight thousand dollars consisted of notes and accounts which are owing by numerous parties, former customers of said firm, an exact statement of which cannot now be furnished by defendant, but a list of which he is willing to make and file with the papers in this case. Said notes and accounts are owing by parties out of whom nothing can be collected by law, although some of it is owing by parties who defendant believes will pay if they are ever able. For these reasons, defendant says the consideration of said note has wholly failed; and in order to be released of the vexation, importunities, and harassments of the said Moore and the plaintiff, he here offers to the said Moore and plaintiff one-half of said notes and accounts, and he asks that they be compelled to accept the same, and that defendant be discharged with his costs. Third. Defendant says that, in addition to the credit which appears upon said note sued on, there should be a further credit of five hundred dollars, which was paid on or about the —— day of——, 189—.'' A demurrer to the answer was interposed, overruled, and exception duly saved. No motion was made to transfer the case to the equity docket, and the court proceeded to try it at law; calling a jury for that purpose. The defendant, by his answer, having admitted the execution of the note, the court, we think, properly held that the burden of proof was on him, and gave to him the opening and closing arguments. Upon

the trial there were only two witnesses produced,—the de-
fendant, Cary, for himself, and Moore, the payee of the note,
for the plaintiff, Yocum.   Early in the testimony of defend-
ant, it was developed that the aforesaid contract of dissolu-
tion, called a "bill of sale," had been executed, and was in
his possession.  He was asked by counsel for plaintiff:
"Have you got the bill of sale that Andrew Moore executed
and delivered to you? A. Yes, sir. Q. Have you got
it with you? A. No, sir. Q. Where is it? A. In
my safe."   The testimony of this witness further deve-
loped the fact that this safe was in his house, just
across the street from where the trial was being had, and
that the paper could have been procured within five minutes.
The following objections to the witness' testimony, and rul-
ings of the court thereon, were then made:   "Counsel for
Plaintiff:  We object to any parol testimony tending to con-
tradict that instrument until the instrument is produced. We
object to any testimony on the subject.   The Court:  I will
overrule the objection, but will require them to produce the
bill of sale.   (To which ruling the plaintiff then and there
excepted.)  Counsel for Plaintiff:  The plaintiff objects to
any parol testimony on the part of Mr. J. H. Cary [the de-
fendant] with reference to the transaction he had with Mr.
Andrew Moore until the bill of sale about which witness
testified, and which was executed and delivered to him, is
produced, and counsel for plaintiff have an opportunity to
see it; and for the further reason that the testimony offered
by defendant is secondary, and no predicate has been laid for
its introduction."   The witness then, over the objection of
appellant, was permitted to proceed with his oral testimony
relating to the transactions between him and Moore.   He
admitted the execution of the notes, and the contract of dis-
solution of the partnership theretofore existing between
them, and its delivery to him, and, without producing the
instrument of writing, was allowed to testify to the contract

between them, substantially as set out in his amended answer supra; and this was all the testimony introduced by the defendant. The plaintiff then introduced the contract of dissolution, heretofore set out, and a number of letters which the defendant had written to Moore, tending to prove the contract to have been identical with, and embodied in, the written instrument. The jury found for the defendant. Motion for new trial, motion overruled, exception saved, and judgment for defendant.

There are nine assignments of error. We will notice but three of them, to wit, the sixth, seventh, and eighth, which are as follows: " (6) The court erred in permitting the defendant, J. H. Cary, over objection of the plaintiff, to testify to a contemporaneous verbal contract between the said parties, for the purpose of contradicting, varying, and changing the effect and meaning of the same; there being no allegation in the pleading of the defendant showing a mistake, accident, or fraud in executing the said contract, and said contract, upon its face, being clear of ambiguity and self-explanatory. (7) The court erred in not peremptorily charging the jury, under the evidence, to return a verdict for the plaintiff for the amount due on the note sued on, for the reason that there was no evidence to support a verdict for the defendant. (8) The court erred in overruling the plaintiff's motion for a new trial for the foregoing reasons, and for the reason that there was no evidence to support the verdict of the jury, and in that the court erred in permitting the defendant to prove immaterial facts in support of his alleged evidence, by which he proved a contemporaneous verbal agreement at variance with the terms of the written contract. "

As to the sixth assignment of error: The pleadings are silent as to the contract of dissolution. The complaint is a simple declaration on a promissory note, by the indorsee

thereof.   The answer, without divulging the fact that there
was a written agreement upon which the note was founded,
set up that the note was based upon certain partnership
transactions between the defendant and Moore, the payee of
the note, and that it had been assigned to the plaintiff after
maturity, thus letting in all of the equities between the
parties; that the consideration of the note was a one-half
interest of the profits of the firm which prior to that time had
been made; that these profits consisted exclusively of notes
and outstanding accounts, and that one-half of the money to
be collected by the appellee from this source was to consti
tute the fund out of which the note was to be paid; that these
notes and accounts, presumably without fault of defendant,
had become worthless; and that, therefore, the consideration
of the note sued upon had wholly failed.   It is contended by
the appellee that this constituted a good equitable defense to
the action on the note, and authorized him to introduce pa
rol evidence to sustain it; and he cites as authority in sup
port of this contention the case of Burnes vs Scott, 117 U. S.
582, 6 Sup. Ct. 865.   This is the only authority cited by ap
pellee.  The facts of this case, so far as the pleadings divulge
are very much similar to those of the case cited; and if the
only  question were as to the sufficiency of the answer, or as
to the admissibility of parol evidence to sustain it, that case
would be conclusive of this.   Upon the pleadings, they are
practically the same; but, upon the conceded proof, they are
entirely different.   In the case of Burnes vs. Scott the note
sued upon was the only written evidence of the contract, and
there had been no dissolution of the partnership, or settle
ment of its affairs.   In this case the partnership had been
dissolved, and a full settlement of its affairs had been made
and behind the note there was an instrument of writing
executed simultaneously with it, upon which it was based
and was a part of the same transaction.   This instrumen
set out fully the contract between the parties.   It provided

or an immediate dissolution of the partnership. For the consideration of $8,000, it conveyed all of the right, title, and interest in and to the assets, including the notes and accounts, of one of the partners, to the other. It authorized the appellee to collect all claims due the firm, and provided that he should assume all of its indebtedness. By its terms, in consideration of the above, the sum of $8,000 was to be paid as follows: $4,500 cash; one note of $500, due November 1, 1893; one note of $500, due November 15, 1893; and one note of $2,500, due November 1, 1894,—all bearing interest from date at the rate of 10 per cent. per annum. The last of the above-mentioned notes is the one sued on in this case, the others having been paid. Under this instrument, which was delivered to the appellee, and accepted by him, and therefore bound him to the same extent as if he had signed it, (Hubbard vs Marshall, 53 Wis. 327, 6 N. W. 97 ), he took possession of all the assets of the firm, and Moore received the cash payment and the notes, and moved out of the country, into the state of Texas. The contract of dissolution and the notes therein mentioned, being part of the same transaction, and having been simultaneously executed, together constituted the written evidence of the agreement. Comparing the agreement, as set out in the written instrument, with the contract set up by appellee's answer, and testified to by him at the trial, it will be seen that they are so widely different that the two cannot stand together ; that the alleged parol agreement, if allowed to prevail, will establish a contract at variance with the terms of the written one. It is admitted by counsel for appellee, and is clearly decided in the case of Burnes vs Scott, supra, that, in a case like this, at law, parol evidence is not admissible to contradict or vary the terms of a written contract. Is it admissible in equity? There is no ambiguity in the written instrument.. It is commendably plain, concise, and certain. It fully and clearly sets out the whole

*Written Instrument.*
*Parol evidence to vary.*

transaction, and fairly and with certainty expresses the co[n]
sideration of the note.   As far as it is concerned, it is sel[f]
explanatory and needs no interpretation.   There is neith[er]
allegation nor proof of fraud in its procurement, or of mi[s]
take in any of its provisions.   In the admission of parol e[v]
idence to vary the terms of a written contract, equity fo[l]
lows the law, and forbids it, except in those cases where
is alleged and proven that the instrument was procured b[y]
fraud, or, by some accident, surprise, or mistake, some pr[o]
vision was included in, or omitted from, the written instr[u]
ment, not intended by the parties.   Mr. Pomeroy, in hi[s]
work on Equity Jurisprudence ( volume 2, § 806 ), referrin[g]
to the reformation of contracts, says:   " No parol eviden[ce]
can be used to modify the terms of a written instrumen[t]
and most emphatically where the instrument is required b[y]
the statute of frauds to be in writing, except upon the o[c]
casion of mistake, surprise, or fraud.   One or the other [of]
these incidents must be alleged and proven before a reso[rt]
can be had to parol evidence in such cases."   The case [of]
Jones vs Shaw, 67 Mo. 667, is one very similar to this, e[x]
cept that in that case the note sued on was the only writt[en]
instrument.   In that case the answer to the suit against t[he]
maker and indorser of a promissory note alleged that t[he]
note grew out of certain partnership transactions betwe[en]
plaintiff and the defendant, which had proved unsuccessfu[l]
that it was indorsed by the other defendant with the unde[r]
standing that it was to be paid only in the event that t[he]
partnership turned out prosperously ; that the accounts
the concern were still unsettled, and the maker of the no[te]
had paid more than his share of the losses.   No oth[er]
equitable relief was averred or prayed for.   The court he[ld]
that the answer did not state a good equitable defense f[or]
either defendant ; that parol testimony was inadmissibl[e]
under the circumstances, to prove the facts alleged.  [In]
this case it is not pretended by the appellee that at the ti[me]

f the settlement two distinct and several contracts were ntered into,—one written, and the other verbal,—or that here was a verbal one supplemental to that which was ritten. A contract cannot rest partly in writing and partly n parol; and, where it has been reduced to writing, oral evi- ence of what passed previously, or at the time, cannot be dmitted to contradict or vary it. Here there was an abso- te settlement of a partnership. The assets of the firm ere valued, a balance was struck, the amount due each ember was definitely ascertained, and the retiring member ade a deed conveying to the remaining member all of his terest in the assets of the partnership, including notes d accounts. The remaining member, in writing, by the me instrument which evidenced his absolute ownership of e firm assets, agreed to assume all of the partnership in- btedness, which indebtedness has been ascertained, and s set forth in the written instrument, and then executed the other his promissory notes for the balance thus found e. This balance is not only evidenced and acknowledged the notes, but also by the written agreement executed multaneously with it. These writings contain no am- guities. They are plain, and their terms are certain. othing is left, by them, requiring the interpretation of a urt. Under these circumstances, no fraud, accident, or stake being alleged or proven, parol evidence was not rmissible to vary or contradict them ; and, as there are ambiguities contained in them, no parol evidence was cessary for their explanation. And therefore the trial urt erred in admitting the testimony of the defendant, er plaintiff's objection, by which it was sought to change d vary the terms of the written agreement.

*Contract cannot be partly written and partly verbal.*

As to the seventh assignment of error: This assign- ent is that the court erred in not peremptorily charging e jury to return a verdict for the plaintiff for the amount e on the note. No such instruction was asked. The

only evidence offered at the trial for the defendant was his own.  By his pleadings he had admitted the execution and indorsement of the note, thus assuming the burden of proof. The whole of the testimony related to the contract between him and Moore, and was an effort by parol evidence to vary and contradict the written agreement between them, and, as we have above decided, should not have been admitted by the court.  Eliminating, then, this illegal proof, and the case stands, as far as the defendant is concerned, absolutely without evidence to support it.  All of the legal proof having been for the plaintiff, and none for the defendant, the court, of its own motion, should have directed a verdict for the plaintiff.

<div style="margin-left:2em"><em>Duty of court to direct verdict.</em></div>

As to the eighth assignment of error:  This assignment of error is that the court erred in overruling the plaintiff's motion for a new trial.  For the reasons above given, it was, of course, error in the court to overrule that motion. For the errors above set forth, this case is reversed and remanded for a new trial.

SPRINGER, C. J., and THOMAS and TOWNSEND, JJ. concur.