Turberville *v.* Fowler and Cooney & Co. *v.* Fowler.

---

TURBERVILLE *v.* FOWLER

AND

COONEY & CO. *v.* FOWLER.

*(Jackson.* May 7, 1898.)

1. DEED. *Invalid for want of registration.*

An unregistered deed is void as to the grantor's subsequent creditors, where he, without the knowledge of the grantee, executed and delivered it to the Register, with instructions not to record it until further notice, which was never given, and himself continued ostensible owner of the property, although the Register inadvertently noted the deed for registration. (*Post, pp. 89-94.*)

Acts construed: Acts 1841, Ch. ——.

Cases cited: Hickman *v.* Perrin, 6 Cold., 135; Swepson *v.* Bank, 9 Lea, 714–723; Woodward *v.* Bero, 16 Lea, 678; Flowers *v.* Wilkes, 1 Swan, 408; 37 Ark., 507; 52 Ark., 164; 17 N. H., 164; 108 Ill., 275.

2. REGISTRATION. *Noting for.*

While noting a deed for registration is made, by statute, the equivalent of registration, it will not have that effect where the noting is inadvertently done by the Register, contrary to instructions of the party having control of the deed. (*Post, pp. 93, 94.*)

3. PRINCIPAL AND AGENT. *Grantor and grantee.*

A grantor who, without the grantee's knowledge, executes and delivers his deed to the Register, is not a special agent of the grantee in such sense as to render void the former's instruc

Turberville *v.* Fowler and Cooney & Co. *v.* Fowler.

tions to the Register not to register the deed until further notice.

### FROM WEAKLEY.

Appeal from the Chancery Court of Weakley County. JOHN S. COOPER, Ch.

J. W. THOMAS and L. E. HOLLADAY for Turberville.

FRANK P. HALL for Fowler.

McALISTER, J.    These two causes, presenting the same questions, were consolidated in the Court below and heard together.    The bills were filed by creditors of J. W. Fowler for the purpose of subjecting to the satisfaction of their claims a house and lot situated in the town of Gleason.    This property is claimed by Mrs. M. A. Fowler, the mother of J. W. Fowler, under a conveyance from her son, the said J. W. Fowler, at a time anterior to the creation of the complainant's debts.    The theory of the bill is, that said conveyance from J. W. Fowler to his mother, the said M. A. Fowler, was never recorded, and that the title remaining in J. W. Fowler, the property is still liable for his debts.

The record discloses that in January, 1893, the said J. W. Fowler, desiring to embark in the

mercantile business, borrowed of his mother, the said M. A. Fowler, the sum of three hundred dollars, for which he executed his promissory note. Accordingly, the said J. W. Fowler and one Meadows formed a partnership and engaged in the dry goods business in the town of Dresden. In January, 1894, this firm failed, and made a general assignment for the benefit of creditors. At that time the said J. W. Fowler caused a deed to the house and lot in question to be prepared, conveying the same to his mother, the said M. A. Fowler, for a recited consideration of $300. The firm, however, having succeeded in making a composition with their creditors, the deed in question was never signed or acknowledged or delivered. In 1895 the said J. W. Fowler disposed of his business in Dresden, removed to Martin, and engaged in the whisky business. About the first of March, 1896, he sold out this business for $1,200 in cash, and without settling with his creditors moved to St. Louis, Mo. Prior to his removal, however, and on May 9, 1896, he signed and acknowledged the deed conveying this house and lot to his mother, and deposited it with the Register of Weakley County, with instructions not to record it until further notice. The Register inadvertently, as he claims, noted the deed for registration, but in the absence of further instructions it was not recorded.

Complainants claim, under these facts, there was no legal registration of the instrument, and that the

property may be subjected by creditors of J. W. Fowler. The Chancellor so decreed, and ordered the property sold for the satisfaction of complainant's claim. Defendants appealed, and have assigned errors.

It is a disputed question of fact upon this record, whether J. W. Fowler gave the instructions to the Register in respect of the nonregistration of this instrument. J. W. Fowler strenuously denies that he gave such instructions. He states that when he delivered the deed to the Register, something was said about the payment of the registration fees, and he thereupon told him to record it and he would allow the fees in the settlement of a store account which the Register owed him. Fowler states the Register assented to this, and thereupon, in his presence, marked the deed filed. Fowler claims he had no knowledge the deed had not been recorded, until the present bills were filed.

On the other hand, the Register testifies as positively, that when the deed was left with him, Fowler directed him not to record it until further instructions. The witness admits that he noted the instrument for registration on same day it was filed, namely, May 9, 1896, at 6:30 P.M. The witness admits that he owed Fowler a small store account, and that it might have been understood at the time that the fees for recording this deed were to be allowed in this settlement, but that a settlement was afterwards made and these fees were not brought

into the account. The settlement was made some time after deed was filed.

It is insisted, on behalf of defendant, that the Register failed to record this deed through oversight, but this is denied by the Register, who testifies that he frequently saw this deed in looking over the unrecorded instruments. There is evidence tending to show that after this deed was left with the Register, J. W. Fowler still regarded this as his property, and exercised acts of ownership over it. It is shown, that, when he went to St. Louis, he appointed his cousin, W. O. Deason, as his agent, to rent it out and collect the rents. Some of the rents were sent to J. W. Fowler at St. Louis, but the larger part was turned over to Mrs. M. A. Fowler. It is further shown that J. W. Fowler authorized his agent to sell the property if he could procure a purchaser at a figure fixed. The agent testified that he supposed, during all this time, that J. W. Fowler was the owner of the property, and never heard that Mrs. M. A. Fowler had any interest in it. All these circumstances tend to strengthen the testimony of the Register in respect to the request of J. W. Fowler for the nonregistration of the instrument, and to show that J. W. Fowler intended to retain title to the property. It is insisted, however, that under the Act of 1841, "every deed or other instrument shall be considered as registered, and take effect at the time it is noted." In *Flowers* v. *Wilkes*, 1 Swan, 408, it was said

Turberville *v.* Fowler and Cooney & Co. *v.* Fowler.

by this Court that the omission of the officer, whether intentional or not, to register all instruments without delay or in the order of their reception, as is directed by the third section, will not be allowed to defeat or prejudice the rights of parties. Again the Court said, viz.: "The party claiming under a deed or other instrument proved in proper form, and filed with the Register and noted by him in his book, in conformity with the Act of 1841, will stand in the same attitude, as well in respect to creditors of the vendor as purchasers from him, as if such deed or other instrument had been then actually spread upon the Register's books." See, also, *Swepson* v. *Bank*, 9 Lea, 714–723; *Woodward* v. *Bero*, 16 Lea, 678.

But in the present case, it is insisted by counsel for complainant that the deed in question was not legally registered, although noted for registration, for the reason that Fowler instructed the Register, at the time he delivered the deed, not to record it until further notice from him. It was held in the case of *Brown* v. *Fassett*, 37 Ark., 507, that an instrument which is left with the Recorder, with instructions not to record it until notified, will not be considered as filed for record until directions to record it are given. To the same effect is *Dedman* v. *Earl*, 52 Ark., 164; and in *Town* v. *Griffith*, 17 N. H., 164, it was said that this is so, although the Clerk may have noted thereon the time of receiving it. And in *Haworth* v. *Taylor*, 108 Ill., 725, and *Brigham* v. *Brown*, 44 Mich., 59, it was

held that if the deed be recorded before such instructions are given, the record is not notice. Again, if the instrument, having been filed, is withdrawn from the office before it is copied on the record books, its operation as constructive notice is suspended until it is returned. 20 Am. & Eng. Enc. L., p. 566; *Hickman* v. *Perrin*, 6 Cold., 135.

It is insisted herein that J. W. Fowler was a special agent, charged with the duty of delivering the deed to the Register for registration, and that he had no power to bind his mother, the vendee, by such instructions, conceding that he gave them to the Register. We do not find from this record there had ever been any delivery of this deed to Mrs. Fowler, and, hence, J. W. Fowler could not have been intrusted with it as a special agent for the purpose of having it recorded. It seems that the original unexecuted deed was at one time in the keeping of Mrs. Fowler, but this instrument was executed by J. W. Fowler, without any agreement with his mother, and, we believe, without her knowledge. The general rule is, that a delivery of a deed to the Register to be recorded is a sufficient delivery to the vendee; but where, as in this case, there has been no actual delivery to the vendor, and the Register is instructed by the vendee not to record it until further notice, there is no constructive delivery.

For these reasons we think the complainants, as creditors of J. W. Fowler, are entitled to subject this property to the payment of their debts, and the decree of the Chancellor is affirmed.