THOMPSON *v.* BLANKS *et al.*

(*Nashville.* December Term, 1904.)

1. **JUSTICE'S EXECUTION.** Lien of levy  How preserved.

The levy of an execution from a justice of the peace on land creates a lien from the date of its levy; but, in order to continue the lien beyond ten days from the date of the levy, so as to affect third parties, the executiton must be filed and docketed in the circuit court within the ten days, and the remaining papers in the case must be returned by the justice to the first term of the court thereafter.

Act cited and construed:  Acts 1899, ch. 39, p. 54.

2. **SAME.** Same. Not sufficient to merely deposit execution in clerk's office.

It is the filing and docketing that makes the lien effective as to third persons after the expiration of ten days from the date of the levy, and it is not sufficient to merely deposit the execution in the clerk's office.

Cases cited:  Hickman v. Perrin, 6 Cold., 135; Turbeville v. Fowler, 101 Tenn., 94, 46 S. W., 577.

3. **SAME.** Same. Lien suspended until execution filed and docketed.

Unless the execution is filed and docketed in the circuit court within the ten days, the lien is suspended, and does not exist, as against third parties, until it is so filed and docketed.

---

FROM CANNON.

---

Appeal from Chancery Court of Cannon County.— WALTER HANCOCK, Chancellor.

S. S. BROWN, for Thompson.

JESSE DAVENPORT, for Blanks et al.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is a question of priority between a purchaser and an execution creditor on certain real estate interests.

Complainant bought the interests of his brothers J. H. and H. L. Thompson in the estate of their father, H. L. Thompson, in January and April, 1903.

The father died in July thereafter.

On the 27th of July, after the death of their father, these conveyances were registered in Cannon county, where the land lies.

It appears that an execution issued upon a judgment of justice of the peace on July 13, 1903, and was levied same day upon the interests of J. H. and H. L. Thompson, and was returned to the circuit court clerk July 22, 1903. This execution was afterwards withdrawn, and sent back to the justice of the peace who issued it, and was returned to the office of the clerk August 11, 1903, and was then, with the other papers in the case, docketed.

The determination of the question at issue depends upon the proper construction of the act of 1899 (Acts 1899, p. 54, c. 39), to regulate the lien of justice's execution levied on land.

The first section of that act provides, in substance, that when ten days have expired after the levy the title

to the real estate shall not be affected as to third parties until said execution or the papers in the cause are filed in the circuit court of the county where the land lies.

The second section provides that the officer making the levy shall within ten days thereafter return the execution to the circuit court, when said cause will be at once docketed, and he will return the fact of the return of said execution to the circuit court to the justice issuing the execution, whereupon the justice shall file the remaining papers in the cause, as now required by law.

The object and purpose of the law is to prevent secret liens under justices' judgments by requiring the executions levied on the land to be filed and docketed in the circuit court of the county where the land lies.

It appears that the execution was levied and returned to the circuit clerk before the conveyance to complainant was registered, but it was not docketed or filed by the clerk. It was then withdrawn, leaving nothing to show the levy in the clerk's office, and was not returned and docketed, as the law requires, until after the conveyance to complainant was registered.

While the act is somewhat ambiguous and indefinite, its evident meaning is that the levy of an execution from a justice of the peace on land creates a lien from the date of its levy; but, in order to continue the lien beyond the ten days from the levy, the execution must be returned to the circuit clerk and filed and docketed in the court. Within ten days after the levy is made the officer making the levy must notify the justice who has charge of the

papers in the case in which the execution is issued of the fact, and the justice must thereupon file the remaining papers in the cause, as now required by law, in order that the property may be condemned for sale.

If the execution is filed and docketed within ten days after its levy, and the papers are returned by the justice of the peace, as heretofore required by law—that is, to the first term of the court thereafter—then there will continue a lien from the date of the levy as to third persons.

The question arises, what effect shall be given to the levy if the execution is not filed and docketed in the circuit court within the ten days, although it may be deposited in the office of the clerk of that court?

In *Hickman* v. *Perrin*, 6 Cold., 135, it was held that when a deed is noted for registration in the register's office, and withdrawn before registration by the party beneficially interested, it gives no priority, and it only takes effect from the date of its return to the office. See, also, *Turbeville* v. *Fowler*, 101 Tenn., 94, 46 S. W., 577.

We are of opinion that it is the filing and docketing that makes the lien effective as to third persons, after the expiration of ten days from the date of the levy; and unless the execution, or the papers including the execution, are filed and docketed within the ten days, the lien is suspended, and does not exist, until they are filed and docketed.

We are of opinion, therefore, that the purchaser is entitled to priority in this case, and the decree of the court of chancery appeals is affirmed.