## A. L. JOHNSON et al. v. M. M. ROBINSON.

Eastern Section. April 30, 1927.

No petition for Certiorari was filed.

1. **Mortgages. Recording. Mortgage filed for registration but ordered not to be recorded until further orders, held not recorded.**
   In an action on a deed of trust where the trust deed was handed to the registrar but he was ordered not to record the instrument without further orders and the registrar did not receive any further orders, held that the instrument was not recorded so as to serve notice to subsequent creditors.

2. **Deeds. Noting deed for registration. Telling the registrar not to record an instrument is the same as withdrawing it from his office.**
   Where a party took a deed of trust to the register of deeds and asked that it be noted for registration and then told the register not to record the deed until further notice held that it was withdrawn from registration, the same as if it had been taken from the office.

Appeal in Error from Circuit Court, Johnson County; Hon. D. A. Vines, Judge.

Reversed.

Donnelly & Donnelly of Mountain City, and Divine & Guinn, of Johnson City, for plaintiff in error.

Butler & Grayson, of Mountain City, for defendant in error.

HEISKELL, J. This is a replevin suit originating before a Justice of the Peace for Johnson county, by A. L. Johnson, to recover certain personal property from M. M. Robinson. In October 1925 the plaintiff Johnson executed a trust deed on said property to E. E. Butler, trustee, to secure McQueen & Wagner certain indebtedness. This trust deed was never registered but there are two endorsements thereon as follows:

"Filed for record this 12 day Oct. A. D. 1925 at 11 o'clock—— minutes A. M."

"Not to be recorded without further orders Oct. 12, 1925."

Neither of these endorsements are signed.

Robinson recovered a judgment against J. K. Nelson and Johnson and had an execution issued which on May 28, 1926 was levied on the personal property in question. The property was advertised and sold by the sheriff on June 19, 1926 and at the sale, Robinson became the purchaser and Johnson brought this replevin suit to recover the property on the theory that the deed of trust took effect before the levy and sale. The suit was decided against the plaintiff Johnson by the Justice of the Peace. He appealed to

the circuit court where the case was tried without a jury and resulted in a judgment in favor of Johnson from which Robinson has appealed to this court and assigned errors. In the circuit court Johnson amended his writ so as to make it for the use and benefit of McQueen and Wagner, the beneficiaries under the trust deed.

The sole question presented by the assignments of error is whether or not the said trust deed was noted for registration within the meaning of the registration laws. If so, the beneficiaries under it are preferred to the execution creditor Robinson and the trial court was right. If not the lower court was in error and should have held in favor of the appellant.

Speaking of this deed of trust, Johnson says, "I took it and gave it to the register of deeds for registration," and on cross-examination:

"The deed of trust or chattel mortgage on file in this case was handed by me to the register of deeds on the morning before the defendant, M. M. Robinson, took his judgment against me in the afternoon of the same day."

"When my attorney, J. L. Grayson, prepared this deed of trust for me, he told me it would be necessary to have it noted for registration and not registered, and when I gave it to the register of deeds, I told him to note it, but not to record it without further orders, and I never gave him any orders to record it. I never paid his fees for recording it, and it has not been registered at this time. I withdrew it from the register's office to introduce as evidence in this suit."

The deed of trust and the testimony of Johnson was all the evidence introduced by the plaintiff below. Robinson says:

"I had the judgment against A. L. Johnson, and it lay about seven or eight months before I raised an execution on it."

"I did not know of the existence of that deed of trust or chattel mortgage on file in this case. Before I had the refrigerator, cash register, and chairs levied upon, I spoke to my attorney, H. A. Donnelly, and we examined the records of the register's office, and could not find anything against that property, and we had it levied upon and sold."

"I did not examine the note book. I don't know what we examined. I don't know much about these matters in the register's office. My attorney might have done so."

We cannot be certain from the record in this shape whether the deed of trust was noted on the note book by the register or not If the finding that it was so noted would sustain the judgment of the lower court, we would perhaps be justified in saying that the evidence was sufficient to sustain the action of the trial judge

when considered from the view-point of an appellate court, but it is not material whether the instrument was so noted or not.

Under Code 567 it is the duty of the Register to keep a note book and "to enter in said book all deeds and other instruments left to be registered," noting day and hour, etc., and "without delay to register the same and the authentication thereof in order of time of its reception." The deed of trust in the present case was not left for registration and it would not have been proper for the Register to note it on his book. It is true Johnson says he left it for registration, but he shows this was not so when he says he told the Register not to register it until further orders and the Register so endorsed upon the instrument itself. It remained in the hands of the Register from October 12, 1925 until after this suit was brought July 24, 1926 and no direction to register was given. Even if noted on the note book in the Register's office, this deed of trust did not become a recorded instrument.

Hickman v. Perrin, 6 Cold., 135 involved a state of facts much like this case. The fourth headnote is as follows:

"Noting of Deeds for Registration. A deed withdrawn before registration, loses its priority. On the 8th of February, 1866, a conveyance was acknowledged in the State of Ohio, before a commissioner of deed for this State; and, on the 28th of February, was noted by the Register of Davidson county, and withdrawn from the office the same day, by the bargainor, or his agent. On the 12th of March, 1866, a conveyance for the same property, to James Hickman, was noted and registered, in the office of said county. Held, that the noting of a deed which is withdrawn before the registration, by the party taking a beneficial interest under it, gives it no priority. The Register is required by law, to spread upon his books, deeds, in the order in which they are filed, and the noting in his book is the evidence of the filing; but if the deed is withdrawn before registration, by the party or his agent, its priority is gone, and it only takes effect from the date of the return of the deed into the office of the Register."

In that case, the deed was withdrawn from the Register's office. In this present case it was withdrawn from registration. The result is the same.

In the case of Turberville v. Fowler, 101 Tenn., 88, the headnotes contain a sufficient statement of facts to show the application to the present case. The first and second headnotes are as follows:

"An unregistered deed is void as to the grantor's subsequent creditors where he, without the knowledge of the grantee, executed and delivered it to the Register with instructions not to record it until further notice, which was never

given, and himself continued ostensibly the owner of the property, altho the Register inadvertently noted the deed for registration.''

"While noting a deed for registration is made by statute the equivalent of registration, it will not have that effect where the noting is inadvertently done by the Register, contrary to the instructions of the party having control of the deed.''

The court in the course of the opinion in that case said:

"But in the present case it is insisted by counsel for complainant that the deed in question was not legally registered, altho noted for registration for the reason that Fowler instructed the Register at the time he delivered the deed not to record it until further notice from him. It was held in the case of Brown v. Fasset, 37 Ark., 507, that an instrument which is left with the recorder with instructions not to record it until notified will not be considered as filed for record until directions to record it are given. To the same effect is Deadman v. Earle, 52 Ark., 164; and in Town v. Griffith, 17 N. H. 164; it was said that this is so, altho the clerk may have noted thereon the time of receiving it. And in Hayworth v. Taylor, 108 Ill., 725, and Brigham v. Brown, 44 Mich., 59, it was held that if the deed be recorded before such instructions are given, the record is not notice. Again, if the instrument having been filed is withdrawn from the office before it is copied on the record books, its operation as constructive notice is suspended until it is returned.''

See also Thompson v. Blanks, 114 Tenn., p. 57.

The deed of trust in the present case was left in the Register's office October 12, 1925 with instructions not to register until further notice. It was withdrawn some time after this suit was instituted July 24, 1926. No direction to register was ever given. If the Register noted it on the note book as filed for registration it was unauthorized and ineffective. He is authorized to enter on the note book only such instruments as are ready for recording and are to be registered as soon as it can be done. We think it is clear that this deed of trust must be considered as an unregistered instrument, which conferred no right upon the beneficiaries as against the execution creditor Robinson. It follows that the assignments of error must be sustained, the lower court reversed and the judgment entered here dismissing the plaintiff's replevin suit at their cost, as we understand from the record that the property involved was restored to the defendant M. M. Robinson under a delivery bond and has remained in his possession.

Owen and Senter, JJ., concur.